DOUGLAS DONOGHUE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Donoghue v. Commissioner
Docket No. 5503-76
United States Tax Court
T.C. Memo 1977-276; 1977 Tax Ct. Memo LEXIS 170; 36 T.C.M. (CCH) 1112; T.C.M. (RIA) 770276; August 16, 1977, Filed Douglas Donoghue, pro se. Bernard Mark, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: On August 13, 1976, respondent filed a motion to dismiss the petition in this proceeding for lack of jurisdiction on the ground that the petition was not filed within 90 days after the notice of deficiency was mailed to petitioner, as provided by section 6213(a). [1] On September 22, 1976, the Court received a document from petitioner which was filed as of the date received as petitioner's objection to respondent's motion. A hearing on the motion *171 was held in New York, New York on February 7, 1977. FINDINGS OF FACT On March 18, 1976, a statutory notice of deficiency erroneously dated March 18, 1975, was sent by certified mail to the petitioner at his last known address. On March 25, 1976, the respondent sent petitioner a letter, dated March 25, 1976, advising the petitioner as follows: Dear Mr. Donoghue: On March 18, 1976, a notice of deficiency, Form L-21B or L21, was mailed to you. Please note that the date stamped on the notice of deficiency is March 18, 1975, whereas it was in fact mailed on March 18, 1976. This letter is sent to you to alert you to the correct date and to advise you that the 90 day period (or, if applicable, the 150 day period) stated in that letter, should be computed from March 18, 1976. Petitioner did, in fact, receive both the notice of deficiency and the letter of March 25, 1976. The 90-day period for filing the petition expired on Wednesday, June 16, 1976 (not a legal holiday in the District of Columbia), this period being *172 computed from the date the statutory notice of deficiency was mailed. The petitioner mailed his petition by certified mail to the United States Tax Court on June 17, 1976, as indicated by the stamp on the envelope containing the petition, which was 91 days after the mailing of the notice of deficiency. The petition was filed by the Court on June 18, 1976, 92 days after the notice of deficiency was mailed, and 85 days after the March 25, 1976 letter was mailed. Petitioner was a resident of Montclair, New Jersey at the time the petition in this case was filed. OPINION Section 6213(a) provides that a petition must be filed with the Tax Court within 90 days from the date the statutory notice of deficiency is mailed. Unless such petition is filed or mailed [2] within such 90-day period, this Court does not acquire jurisdiction of the case. ; . An untimely petition must therefore be dismissed for lack of jurisdiction, . The issue for our determination in this case is whether this Court has jurisdiction *173 over a petition admittedly mailed to this Court 91 days after the date the statutory notice of deficiency was mailed to the petitioner. Petitioner received a notice of deficiency with respect to the calendar year 1974 that was mailed by the respondent March 18, 1976. This date of mailing is not in dispute. However, the notice of deficiency was itself erroneously dated March 18, 1975. On March 25, 1976, respondent mailed a letter to petitioner advising him of the error, informing him that the correct date on which the notice of deficiency was mailed was in 1976 not 1975. Respondent's informal letter simply pointed out an error obvious on the face of the notice and reminded petitioner that March 18, 1976 was the proper date from which to compute the 90-day period. Petitioner contends that the date from which the period for filing a petition in this case should be calculated is March 25, 1976, the date the corrective letter was mailed, in which case his petition would be timely filed. Respondent, on the other hand, contends that the corrective letter has no effect upon commencement of the 90-day period during which a petition must be filed with this *174 Court, in which event the petition was untimely. We agree with respondent. In order for petitioner to prevail, he must, at the very least, convince this Court that he was misled by the circumstance of the erroneous date contained on the notice of deficiency and the receipt of the correction letter into believing that he had 90 days beginning March 25, 1976 in which to file a petition with this Court.Cf. ; , revg. an unpublished order of this Court. This he simply has not done. Petitioner stated during the hearing on this motion that he intended to file his petition three months, not 90 days, from the date the statutory notice of deficiency was mailed. The statement is consistent with the explanation contained in petitioner's objection to respondent's motion to dismiss that "my intent was to get it in within 90 days but my laymans [sic] mind had mistakenly translated that into 3 months." In fact, petitioner did mail his petition to this Court within 3 months of the March 18, 1976 date the notice of deficiency was mailed, which, unfortunately *175 for petitioner, was 91 days after March 18, 1976. We find that petitioner's failure to timely file his petition was due to his substitution of 3 months for 90 days. Moreover, the corrective letter in no way resembles a statutory notice of deficiency either in form or content, and it very clearly identifies the date of mailing of the notice of deficiency from which to compute the 90-day period. We conclude, therefore, that petitioner was not misled by any error in the notice nor by the corrective letter. In general, section 6213 and its predecessors were designed to provide taxpayers with the right to elect prepayment judicial review of a proposed deficiency. See H. Rept. No. 179, 68th Cong., 1st Sess. 7, 8 (1924); (concurring opinion). In the instant case, petitioner received actual notice of the proposed deficiency. This notice was more than sufficient to afford petitioner a reasonable opportunity to prepare and file a timely petition with this Court. Under these circumstances, petitioner's failure to satisfy the requirements for access to a prepayment forum deprives us of jurisdiction. While we reach this decision *176 with extreme reluctance, we recognize that the statute we construe and a long line of decisions leave us no other course. Hopefully, Congress will not delay much longer in amending the statute to provide a grace period that will prevent the many taxpayers in petitioner's situation from being deprived of a prepayment hearing by an inadvertent and wholly innocuous error on their part. [3]
Accordingly, we conclude that the petition filed herein was untimely and that respondent's motion to dismiss for lack of jurisdiction should be granted. An appropriate order will be entered. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in question.↩
2. See sec. 7502.↩
3. See sec. 10(a)(1) of H.R. 13831, 94th Cong., 2d Sess. 11 (1976).↩